Argued March 7, ballot title revised March 21, 1962

## JORDAN ET AL v. THORNTON
### 369 P. 2d 746

*J. Robert Jordan,* Portland, argued the cause for appellants. With him on the brief were Thomas R. Mahoney, and John P. Ronchetto, Portland.

*John J. Tyner, Jr.,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

McALLISTER, C. J.

The petitioners, pursuant to ORS 254.080, have asked this court to correct the ballot title prepared

by the Attorney General for an initiative measure filed with the Secretary of State. [See ORS 254.060, 254.070.]

On January 25, 1962 the Attorney General returned to the Secretary of State the following ballot title:

"Legislative Apportionment Constitutional Amendment

"Purpose: Establishes a new formula for apportioning legislature. Enlarges Senate 30 to 35 members, House from 60 to 65 or more. Creates new legislative districts."

On the following day the Attorney General returned to the Secretary of State a revised ballot title as follows:

"L e g i s l a t i v e Reapportionment Constitutional Amendment

"Purpose: Reapportions legislature according to area and population instead of population only. Enlarges Senate from 30 to 35 members. House from 60 to 65 or more."

Petitioners contend that the revised ballot title returned by the Attorney General is argumentative and does not impartially state the chief purpose of the measure as required by ORS 254.070.[1]

We agree that the Attorney General's revised ballot title is in some respects defective, and, therefore,

---

[1] ORS 254.070. "* * * The ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 25 words in length of the chief purpose of the measure. * * * In writing the ballot title the Attorney General shall, to the best of his ability, give a true and impartial statement of the purpose of the measure and in such language that the same shall not be intentionally an argument or likely to create prejudice either for or against the measure."

certify to the Secretary of State a ballot title for the measure in question reading as follows:

"Legislative Apportionment Constitutional Amendment

"Purpose: Changes legislative apportionment formula. Creates 30 permanent representative districts. Permits enlargement of Senate to 35. Enlarges House to 65 or more. Provides for enforcement."

Ballot title revised.

O'CONNELL, J., dissenting.

I believe that the ballot title prepared by the Attorney General is a reasonably accurate statement of the purpose of the measure. The title devised by the court fails to inform the voter of the most important change which the measure is designed to effect, namely, the use of area (i.e., permanent representative districts) as a basis for representation. The apportionment formula found in our present Constitution is based fundamentally upon population, although in its application limited adjustments may be necessary to give effect to major fractions. See e.g., *In the Matter of the Review of Chapter 482, Oregon Laws 1961*, 73 Or Adv Sh 213, 228 Or 562, 364 P2d 1004 (1961). In making these adjustments it may be necessary to employ factors other than population but their employment arises only incidentally and they are relatively insignificant in the application of the basic population formula. Technically, the ballot title prepared by the Attorney General would have been more accurate had the clause "instead of population only" been omitted, but the inclusion of that language in my opinion does not constitute an "argument" nor is it "likely to create prejudice either for or against the measure." ORS 254.070.